# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CECILIA EVANS,
        Plaintiff,

v.

MELBOURNE TERRACE RCC, LLC,
        Defendant.

Case No 6:21-cv-381-JA-GJK

## ORDER

This case is before the Court on Plaintiff Cecilia Evans's second Corrected Motion to Remand (Doc. 14). Because Defendant Melbourne Terrace RCC, LLC has not established subject-matter jurisdiction, Evans's motion must be granted.

## I. Background

Evans, as personal representative of the estate of her father, George Kemp, initiated this lawsuit against Melbourne Terrace in state court. (Compl., Doc. 4-1). In her one-count Complaint, Evans alleges that her father suffered damages and died because of Melbourne Terrace's failure to comply with Kemp's rights as a nursing home resident set forth in Florida Statute § 400.022. (Id. at 3–7). Specifically, she asserts that "the staff and employees failed to develop an adequate care plan and properly monitor and supervise the care and treatment provided to [Kemp] in order to prevent him from suffering the development and

deterioration of infections and sepsis and to prevent him from suffering the development and deterioration of respiratory failure." (Id. at 2).

Melbourne Terrace timely removed the action to this Court. (Not. of Removal, Doc. 4). Melbourne Terrace asserted that Evans's state law claim is completely preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d (the PREP Act) and presents a federal question giving this Court subject-matter jurisdiction. (Id.). Evans then filed the instant motion, contending that this Court lacks subject-matter jurisdiction and that the case should be remanded to the state court. (Doc. 14). Melbourne Terrace filed a Response (Doc. 18) in opposition to remand.

## II. Discussion

A defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the case, 28 U.S.C. § 1441(a), such as under the court's 28 U.S.C. § 1331 federal question jurisdiction. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim 'arises under' federal law 'is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

But "even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if . . . federal law completely preempts his state-law claims." Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13 (1983)). "Complete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim 'arising under' federal law." Id. (citing Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003)). The Supreme Court has directed that "federal law should be found to completely preempt state law 'only in statutes with "extraordinary" preemptive force.'" Id. at 1291 (quoting Geddes, 321 F.3d at 1353). Congressional intent is therefore the "touchstone" of jurisdiction based on preemption. Id. (citing Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc., 182 F.3d 851, 857 (11th Cir. 1999)).

Melbourne Terrace asserts that the PREP Act completely preempts Evans's claim.[1] The PREP ACT provides "[t]argeted liability protections for pandemic and epidemic products and security countermeasures." 42 U.S.C. § 247d-6d. In relevant part, it states:

> Subject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of

---

[1] As the removing party, Melbourne Terrace "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing Scoggins v. Pollock, 727 F.2d 1025, 1027 (11th Cir. 1984)).

3

a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1). In response to the COVID-19 pandemic, the Secretary of the Department of Health & Human Services (HHS) issued such a declaration in March 2020. See Declaration Under the [PREP] Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198 (March 17, 2020). Melbourne Terrace argues that it was acting within the scope of the PREP Act when Kemp died of COVID-related complications.

However, the PREP Act is not a complete preemption statute. See Dupervil v. All. Health Operations, LLC, No. 20-CV-4042(PKC)(PK), 2021 U.S. Dist. LEXIS 20257, at *22–33 (E.D.N.Y. Feb. 2, 2021) (providing a persuasive, in-depth analysis and rejecting each of the arguments Melbourne Terrace presents here).[2] And even if it were, Evans's allegations accusing Melbourne Terrace of inaction—versus prioritization or purposeful allocation of countermeasures—are not within the scope of the PREP Act. Federal district courts across the country have nearly unanimously so held since the start of the pandemic. See id. at *34–35 (collecting cases) ("[T]here is a growing consensus among courts across the country that state-law claims of negligence and

---

[2] Garcia v. Welltower OpCo Grp. LLC, No. SACV 20-02250JVS(KESx), 2021 U.S. Dist. LEXIS 25738 (C.D. Cal. Feb. 10, 2021), has been cited by Melbourne Terrace and other authority as the sole federal case holding that the PREP Act completely preempts these types of claims. Garcia based its holding on the HHS's January 8, 2021, Advisory Opinion. Like other district courts addressing these issues since Garcia, this Court respectfully disagrees with the reasoning in Garcia.

4

wrongful death brought against a nursing home for failure to protect against the spread of COVID-19, like those that [p]laintiff alleges, are not properly characterized as federal-law claims under the PREP Act."); Robertson v. Big Blue Healthcare, Inc., No. 2:20-cv-02561-HLT-TJJ, 2021 U.S. Dist. LEXIS 36151, at *20–24 (D. Kan. Feb. 26, 2021) (collecting cases). Thus, removal was improper under 42 U.S.C. § 1441.[3]

### III. Conclusion

In accordance with the foregoing, it is **Ordered** as follows:

1. Plaintiff's Corrected Motion to Remand (Doc. 14) is **granted**.

2. This case is hereby **remanded** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2021-CA-012758.

3. After remand of the case, the Clerk shall **close this case**.

**DONE** and **ORDERED** in Orlando, Florida, on April 29, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[3] Melbourne Terrace's notice of removal alternatively relied on federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). But Melbourne Terrace did not raise or defend federal officer jurisdiction in its response to the motion to remand, and that argument is deemed abandoned. See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (noting that a legal claim or argument that has not been briefed will be deemed abandoned).